TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

Attorneys for Plaintiff
*Anthony B. San Nicolas*



FILED
DISTRICT COURT OF GUAM

DEC 29 2010

JEANNE G. QUINATA
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

----------

| | |
|---|---|
| ANTHONY B. SAN NICOLAS, | CIVIL CASE NO. CV10-00034 |
| Plaintiff, | |
| vs. | COMPLAINT |
| UNITED STATES POSTAL SERVICE, PATRICK R. DONAHOE, POSTMASTER GENERAL, | |
| Defendant. | |

----------

1. This Court has jurisdiction of this action pursuant to 28 USC §1331. (Federal Question).

2. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination, equitable and other relief is sought under 42 U.S.C. §2000e et seq.

3. This Court has subject matter jurisdiction of this action under Title VII and 42 U.S.C. §2000e et seq. and the court may exercise supplemental jurisdiction of all related territorial based claims.

**ORIGINAL**

a. A charge of employment discrimination was timely filed with the United States Postal Service ("USPS"), Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unfair employment practice;

b. Plaintiff was informed by the EEOC, on June 25, 2009, that he could pursue his "mixed case" claims before the Merit Systems Protection Board ("MSPB"), which he did.

c. This Complaint has been filed within thirty (30) days of receipt of the final decision of the MSPB.

## FIRST CLAIM FOR RELIEF FOR RACE, NATIONAL ORIGIN AND AGE DISCRIMINATION

5. Plaintiff is a sixty-five (65) year old male citizen of the United States and at all times relevant herein resided in Guam.

6. Upon information and belief, Defendant is the Postmaster General for the USPS.

7. The unlawful employment practices alleged herein were committed within the territory of Guam.

8. Plaintiff has been discriminated against in ways that deprive and tend to deprive him of equal employment opportunities and otherwise adversely affected his status as an employee because he is a Chamorro/Asian, over the age of forty (40) with medical disabilities known to Defendant.

9. At all times set forth herein, Plaintiff was employed by Defendant USPS as a full time Postmaster, EAS-22.

10. In or about May 2007, Plaintiff was confronted and interviewed by an OIG Special Agent and an FBI Agent over Plaintiff's alleged improper reporting of work hours. Plaintiff denied the allegations in writing.

11. At the interview, Plaintiff was threatened with criminal prosecutor if he did not admit

employment violations a violation of the disciplinary provisions of the USPS. Plaintiff again denied the allegations in writing.

12. Plaintiff was then told by the District Manager of Honolulu that he should retire and the matter would be closed. Under duress, Plaintiff then wrote a third letter, under duress, admitting violations and agreeing to retire.

13. Plaintiff was granted sick leave for the period of October 2007 to January 2008. After being granted sick lea e, Plaintiff was informed that he could not exhaust his sick and, without justification, denied sick leave for a portion of the month of December 2007 as retaliation for his desire to extend his retirement.

14. The USPS violated its own procedures for dealing with employee discipline. The legal harassment and unsubstantiated charges against Plaintiff was designed to discredit Plaintiff and oust him from his employment with USPS.

15. USPS management, agents and employees knew that the claims against Plaintiff were designed to oust Plaintiff to accommodate management's desire to insert their own friends into Plaintiff's employment slot.

16. USPS engaged in illegal discriminatory conduct based upon Plaintiff's race, national origin and age in violation of the Civil Rights At of 1964, as amended.

17. USPS failed to adequately investigate the veracity of the claims and violation or allow Plaintiff to refute the charges which were contrary to his employment history, the facts, his performance and abilities.

18. Furthermore, Defendant failed to follow its patter and practice in the treatment and discipline of other similarly situated employees of the USPS.

19. Plaintiff was entitled to due process and a formal review under USPS's employment

guidelines regarding his continued employment but USPS's review was perfunctory and in violation of its own policies, designed to coerce Plaintiff to retire from the USPS.

20. Defendant, its agents, servants or employees, by their conduct alleged herein, intentionally, willfully, and without justification deprived plaintiff of his rights, privileges and immunities secured by the Constitution and laws of the United States and the territory of Guam, particularly the right as a sixty-two (62) year old Asian male to be free of unlawful discrimination and harassment in his employment.

21. Plaintiff has suffered damages in an amount to be proved at trial for lost wages, benefits and any and all compensatory and punitive damages allowed by law and equity, and attorney's fees and costs incurred.

## SECOND CLAIM FOR RELIEF FOR CONSTRUCTIVE WRONGFUL TERMINATION

22. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 21 above.

23. At all times relevant herein, Plaintiff engaged in a protected activity under Title VII of the Civil Rights Act of 1964 by protesting his innocence to a persistent pattern of unlawful harassment and discrimination against alleged employment violations.

24. Plaintiff, under duress and illegal harassment, agreed to retire. He later sought to extend his retirement date for which he had previously been granted sick leave to that date.

25. When Plaintiff sought to extend his return date for a slightly longer period, Plaintiff was informed in December, 2010, that his sick leave approval was being cancelled and he must retired.

26. In USPS's treatment of Plaintiff was in violation of 22 G.C.A. § 3302.

27. As a proximate result of Defendant's conduct, Plaintiff sustained and continues to sustain substantial losses in earnings and continues to suffer humiliation, emotional distress, and mental and physical

pain and anguish, all to his damage in a sum according to proof at trial.

28. Defendant's conduct, as described above, was willful, despicable, knowing, and intentional; accordingly, Plaintiff is entitled to an award of punitive and exemplary damages in an amount according to proof.

### THIRD CLAIM FOR RELIEF FOR RETALIATION

29. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 28 above.

30. At all times relevant herein, Plaintiff engaged in a protected activity under 22 G.C.A. § 3302 by complaining to USPS's management about the persistent pattern of unlawful harassment and discrimination and desperate treatment compared to other similarly situated employees.

31. As alleged above, the USPS retaliated against Plaintiff for asserting his innocence and rights by perpetuating a hostile work environment through the cancellation of Plaintiff's sick lease, ultimately causing Plaintiff to terminate his employment with USPS.

32. USPS's treat of Plaintiff was in violation of 22 GCA §3302.

33. As a proximate result of USPS's conduct, Plaintiff sustained and continues to sustain substantial losses in earnings nad continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to their damage in a sum according to proof at trial.

34. Defendant's conduct as described above was willful, despicable, knowing, and intentional; accordingly, Plaintiff is entitled to an award of punitive and exemplary damages in an amount according to proof.

WHEREFORE, Plaintiff requests that the Court:

1. Order the USPS to reinstate Plaintiff in an employment position comparable or the same to that he held prior to his coerced retirement and at the same salary and benefits as if he had never left his

employment;

2. Award Plaintiff compensation for back wages;

3. Award general damages in the amount of $500,000;

4. Award Plaintiff mental and emotional distress damages for their emotional suffering and related medical therapeutic expenses according to proof;

5. Award Plaintiff punitive and exemplary damages according to proof;

6. Grant Plaintiff all other relief that is just and proper.

Dated at Hagåtña, Guam on this 29th day of December, 2010.

TEKER TORRES & TEKER, P.C.

By _____
PHILLIP TORRES, ESQ.
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial.

TEKER TORRES & TEKER, P.C.

By _____
PHILLIP TORRES, ESQ.
Attorneys for Plaintiff