# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF GUAM

| | |
|---|---|
| **ANTHONY B. SAN NICOLAS,**<br><br>Plaintiff,<br><br>vs.<br><br>**UNITED STATES POSTAL SERVICE,** and **PATRICK DONAHOE,** Postmaster General,<br><br>Defendants. | Civil Case No. 10-00034<br><br>**ORDER AND OPINION**<br>**RE: MOTION TO DISMISS** |

Before the court is a Motion to Dismiss for Failure to Timely File Complaint ("the Motion") filed by Defendants United States Postal Service and Patrick R. Donahoe, Postmaster General ("Defendants"). *See* Dkt. No. 9. Without reaching the merits of the Motion, the court hereby **DISMISSES** the case for lack of subject matter jurisdiction on grounds not raised by the parties,[1] and issues the following order and opinion.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On May 6, 2008, Anthony B. San Nicolas ("Plaintiff"), a former United States Postal Service ("USPS") employee, filed a formal Equal Employment Opportunity ("EEO") complaint against Defendants. *See* Dkt. No. 14-6 at 2. In the EEO complaint, Plaintiff alleged that he was subjected to discrimination and forced to retire. *Id.* On July 14, 2009, the agency issued a "Final Agency Decision-Mixed Case" on Plaintiff's EEO complaint and found no discrimination. *Id.* The Final

---

[1] Pursuant to Federal Rule of Civil Procedure 12(h)(3), the court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." FED. R. CIV. P. 12(h)(3); *see also Fleck & Assocs. v. Phoenix*, 471 F.3d 1100, 1107 n. 4 (9th Cir. 2006) (finding that the district court was free to go beyond the scope of the motion to reach an issue of subject matter jurisdiction *sua sponte*).

Agency Decision advised Plaintiff of his right to appeal the claim to the Merit Systems Protection Board ("MSPB" or "the Board"). *Id.* at 2–3.

On September 1, 2009, Plaintiff filed an appeal with the MSPB. *Id.* at 3. Shortly thereafter, the MSPB notified Plaintiff that the MSPB might not have jurisdiction to hear his claim. *Id.* A jurisdiction hearing was scheduled for March 25, 2010, but on that same date Plaintiff withdrew his request for a hearing. *Id.* On April 9, 2010, MSPB Administrative Judge Grace Carter ("Judge Carter") issued an Initial Decision and found that the appeal had to be dismissed for lack of jurisdiction. *See id.* at 1,17. Judge Carter did not entertain the merits of Plaintiff's Title VII discrimination claims because of the lack of jurisdiction. *See id.* at 7, 17. The Initial Decision informed Plaintiff of his right to petition the MSPB for a review of the decision. *Id.* at 18.

Plaintiff filed a timely petition with the MSPB requesting reconsideration of the Initial Decision. *See* Dkt. No. 10-1 at 1. On November 24, 2010, the MSPB issued a Final Order denying Plaintiff's petition and stating that Judge Carter's Initial Decision was final. *See id.* at 4. Again, the MSPB declined to review the merits of Plaintiff's discrimination claims because it did not have an independent basis for jurisdiction. *See id.* at 3 n.1. The Final Order notified Plaintiff of his right to petition the United States Court of Appeals for the Federal Circuit to review the MSPB's Final Order. *See id.* at 4–5. On December 29, 2010, Plaintiff filed a complaint in this court. *See* Dkt. No. 1. In the complaint, Plaintiff asserts claims of Title VII discrimination, wrongful termination, and constructive discharge. *See id.*

## II.    DISCUSSION

Plaintiff alleges that this court has jurisdiction over his "mixed case" because the complaint was timely filed within thirty days after he received a final decision from the MSPB. *See id.* ¶ 3. However, Plaintiff's mere assertion that the court has jurisdiction over his "mixed case" is not enough to confer jurisdiction on this court.

The MSPB has limited appellate jurisdiction and may only entertain appeals as "authorized by law, rule, or regulation," which for the most part, provides the Board with jurisdiction over adverse employment action appeals. *See Sloan v. West*, 140 F.3d 1255, 1259 (9th Cir. 1998) (citing 5 U.S.C. § 7701(a)). Pursuant to 5 U.S.C. § 7702, the MSPB has jurisdiction to hear enumerated discrimination claims that form the basis of an adverse employment action. *See* § 7702(a)(1); *see also Sloan*, 140 F.3d at 1259 (stating that the MSPB has "pendent jurisdiction over discrimination claims brought in connection with an appealable 'adverse action.'").

Jurisdiction to review a final decision of the MSPB generally lies with the Court of Appeals for the Federal Circuit. 5 U.S.C. § 7703(b)(1). However, petitions to review mixed cases of discrimination, as set forth in 5 U.S.C. § 7702, shall be filed in the appropriate district court. *See* § 7703(b)(2). Merely stating that a case is a "mixed case," though, is insufficient to establish jurisdiction in a district court.

In *Sloan*, the plaintiff filed an EEO complaint, and the Army EEO rendered a final decision

with a finding of no discrimination. *Id.* at 1257–58. The plaintiff then filed an appeal of the EEO decision with the MSPB. *Id.* at 1258. The MSPB administrative law judge issued an initial decision finding that there was no adverse action over which the MSPB could exercise jurisdiction. *Id.* The plaintiff petitioned the MSPB to review the initial decision, and the MSPB denied the request. *Id.* Although the MSPB decision advised plaintiff that he had the right to request review from the Court of Appeals for the Federal Circuit, the plaintiff filed a complaint in the District Court of Hawaii alleging that the court had jurisdiction over it because it was a "mixed case." *Id.*

The *Sloan* court distinguished between a "mixed case complaint" and a "mixed case appeal." *See id.* A "mixed case complaint" is "a complaint which alleges the employee suffered an adverse action that was affected, in whole or in part, by unlawful discrimination." *Id.* at 1259. If the MSPB determines that it has jurisdiction over the "mixed case complaint," then it becomes a "mixed case appeal." *Id.* The court then explained that "as a general rule, ***an MSPB determination that it lacks jurisdiction to hear a claim is appealable only to the United States Court of Appeals for the Federal Circuit***," whereas, "a 'mixed case appeal,' in which the MSPB decides the merits of both the non-discrimination claim and the discrimination claim, is appeal[able] to the appropriate district court." *Id.* at 1261 (emphasis added) (footnote omitted). The court held that because the MSPB dismissed the plaintiff's claim for lack of jurisdiction and did not reach the merits of the discrimination claim it was not a "mixed case appeal," and thus the district court lacked jurisdiction. *See id.* at 1261–62.

The facts in this case are strikingly similar to those in *Sloan*. Here, like *Sloan*, the MSPB determined that it did not have jurisdiction over Plaintiff's case and never decided the merits of his discrimination claim. Thus, as was the case in *Sloan*, Plaintiff's case is not a "mixed case appeal," over which the court has § 7703 jurisdiction. *See id.* at 1262; *see also Synan v. Merit Sys. Protection Bd.*, 765 F.2d 1099, 1101(Fed. Cir. 1985) (*"*When an appeal has been taken to the MSPB, until the discrimination issue and the appealable action have been decided on the merits by the MSPB, an appellant is granted no rights to a trial de novo in a civil action under § 7702 or § 7703.").

### III. CONCLUSION

As discussed in the foregoing, the court lacks subject matter jurisdiction. Accordingly, the court hereby **DISMISSES** the case without prejudice.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
  **Chief Judge**
**Dated: Jul 13, 2011**